# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3283

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Eleazar Villegas Carreon, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: September 25, 2007
Filed: December 10, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Eleazar Villegas Carreon pled guilty to one count of conspiracy to distribute more than 50 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court[1] sentenced Villegas Carreon within the advisory guideline range to a term of 108 months' imprisonment. Villegas Carreon argues that the court erred by failing to enforce an alleged stipulation that his base offense level under the advisory guidelines was 32, rather than 36, as found by

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

the district court. He also contends that the sentence imposed was "constitutionally unreasonable." We affirm.

Villegas Carreon was indicted on December 20, 2005, and he pled not guilty. He appeared for a change-of-plea hearing on March 10, 2006, but the hearing was terminated before the court accepted a plea of guilty. Villegas Carreon asserts that his appearance at this hearing was pursuant to a document entitled "Plea Agreement and Sentencing Stipulations," which provided that he would plead guilty to a conspiracy to distribute methamphetamine, and included an assertion by the government that Villegas Carreon's base offense level under the advisory guidelines should be 32. This document was discussed at the hearing on March 10, but it was not entered into the record. During the hearing, the prosecutor did ask Villegas Carreon whether he agreed with a provision in the plea agreement that his base offense level would be 32, and he averred that he did. Before the district court was satisfied that the record established a factual basis for the plea, however, Villegas Carreon's counsel stated that Villegas Carreon was not ready to proceed, and the hearing was adjourned. The district court neither accepted a plea agreement nor accepted a plea of guilty on March 10.

Villegas Carreon appeared again for a change of plea on April 11, 2006. At this hearing, the parties submitted a different plea agreement, which set forth two "possible" guideline calculations, "[d]epending on the Court's determination of guideline factors." These alternatives were premised on a base offense level of 36 and 32, respectively. Villegas Carreon contends that the government changed its position regarding the base offense level between March 10 and April 11 as a result of additional testing on the purity of methamphetamine that was seized during the investigation of Villegas Carreon. At the April 11 hearing, the district court accepted the plea agreement and Villegas Carreon's plea of guilty. A signed copy of this plea agreement is included in the record.

At a sentencing hearing on August 29, 2006, the court found that the quantity of drugs for which Villegas Carreon was accountable resulted in a base offense level of 36. After other adjustments, the court arrived at an advisory guideline range of 108 to 135 months' imprisonment, and sentenced Villegas Carreon at the low end of that range.

Villegas Carreon contends on appeal that the government failed to abide by a stipulation in the first proposed plea agreement to recommend a base offense level of 32, and that its advocacy at the sentencing hearing thus violated the Due Process Clause. *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984). He did not raise this contention in the district court, so we review only for plain error. We conclude that there was no error.

"A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in a judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Id*. Because the district court on March 10 did not accept either the first proposed plea agreement or Villegas Carreon's plea of guilty, and because there is no suggestion that the government gained any unfair advantage through any promise that might have been made in the first proposed agreement, the government was not bound by any stipulation contained in that document. *United States v. Norris*, 486 F.3d 1045, 1048-49 (8th Cir. 2007) (en banc) (plurality opinion); *id*. at 1053 (concurring opinion). The government's advocacy at sentencing was consistent with the second proposed plea agreement, which was signed by both parties and accepted by the district court. Accordingly, there was no violation of Villegas Carreon's rights under the Due Process Clause.

Villegas Carreon also argues that the sentence imposed by the district court was "constitutionally unreasonable." Although he cites 18 U.S.C. § 3553(a), his argument proceeds from the premise that the government violated his rights by breaching the

first proposed agreement. That agreement was never accepted by the district court, so for the reasons discussed, we reject Villegas Carreon's assertion that his sentence was unconstitutional. Insofar as § 3553(a) is concerned, Villegas Carreon has advanced no reasons to convince us that the district court unreasonably sentenced him to a term of imprisonment within the advisory guideline range. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). Therefore, the judgment of the district court is affirmed.

_____